UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COURTNEY MCCLAREN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:26-cv-2262-EPG

FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(ECF Nos. 1, 11, 14).

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits supplemental security income benefits.[1]

Plaintiff argues the following:

1. The ALJ erred as a matter of law by applying *Chavez,* despite changed circumstances.
2. The ALJ improperly rejected McClaren's subjective complaints.

[1] The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 9).

(ECF No. 11 at 1[2]).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court recommends as follows.

# I. ANALYSIS

## a. Error under *Chavez*

Plaintiff first argues that when denying her claims, the ALJ invoked the rebuttal presumption of non-disability under *Chavez;* however, in doing so, the ALJ failed to properly consider whether or not changed circumstances precluded the application of *Chavez.* (ECF No. 11 at 4).

Defendant concedes the ALJ misapplied the *Chavez* presumption, but the error was harmless as the ALJ "conducted further analysis, considering additional impairments, the accompanying, evidence, and re-examining Plaintiff's ability to perform her past relevant work or the requirements of presentative occupations existing in significant numbers in the national economy." (ECF No. 14 at 5-6).

In reply, Plaintiff argues the record does not support that the ALJ conducted a thorough review of the record because the ALJ did not consider a June 2024 lumbar spine MRI, made no step-two finding regarding Plaintiff's spine impairment and included no limitations that reflect the impairment in the RFC. (ECF No. 15 at 2).

The Commissioner must apply a presumption of continuing non-disability when a claimant's previous application(s) for benefits under the Act have been denied. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."); Acquiescence Ruling 97-4(9) ("final decision by an administrative law judge finding that a claimant is not disabled gives rise to a presumption that the claimant continues to be not disabled after the period adjudicated").

To overcome this presumption of continuing non-disability, the claimant must prove that "changed circumstances" cause her greater disability since the first unfavorable determination.

[2] Page cites refer to the blue page numbers provided by CM/ECF.

*Chavez*, 844 F.2d at 693 ("The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove "changed circumstances" indicating a greater disability."). Examples of such circumstances include changes in the applicable law, age category, vocational profile, severity of impairment(s), or a new impairment. *See Chavez*, 844 F.2d at 693; Acquiescence Ruling 97-4(9).

On July 6, 2015, Plaintiff's prior claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act (Act) were denied by a hearing decision (A. R[3]. 108-138). The ALJ found severe impairments, systemic lupus erythematosus; dermatitis; and a depressive disorder, not otherwise specified and determined that Plaintiff's back impairment and obesity were non-severe impairments (A.R. 114-116). The ALJ also found that Plaintiff could perform simple, routine medium work existing in significant numbers in the national economy and was not disabled (A.R. 119-128).

Plaintiff reapplied for DBI in December 2022 and SSI in October 2022, alleging disability as of September 4, 2022. (A.R. 155, 177, 470). Plaintiff's claims were initially denied and on reconsideration. (A.R. 65-107). An administrative hearing was held on March 14, 2025, and on April 22, 2025, the ALJ denied her claims. (A.R. 211-242; A.R. 41-64). In the denial of Plaintiff's claims, the ALJ gave res judicata effect to the prior 2015 decision:

> The claimant was found to be not disabled in a final decision by an Administrative Law Judge (ALJ) dated July 6, 2015, based on prior applications for a period of disability, disability insurance benefits, and supplemental security income filed on July 17, 2012 (Ex. B1A). In the prior decision, the claimant was found not disabled because the claimant was capable of performing other work. As a result, with respect to the unadjudicated period under the current applications for a period of disability, disability insurance benefits, and supplemental security income, there is a rebuttable presumption of continuing nondisability under the *Chavez* Acquiescence Ruling (Social Security Acquiescence Ruling (AR) 97-4(9); and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988)). The claimant may rebut this presumption by showing a "changed circumstance"1 affecting the issue of disability with respect to the unadjudicated period. The undersigned finds there has not been a showing of a changed circumstance material to the determination of disability and the presumption of continuing nondisability has not been rebutted. Accordingly, the principles of *res judicata* applies, the undersigned adopts the findings of the prior ALJ decision, required under the sequential evaluation process for determining disability.

[3] References to the Administrative Record (A.R.) will reflect the bold page numbers in the bottom right corner.

(A.R. 44-45).

However, Plaintiff adequately alleged changed circumstances since the 2015 decision. (ECF No. 11 at 5) Specifically, Plaintiff alleged that her obesity had materially worsened, which is a change from the 2015 decision in which that ALJ found Plaintiff's obesity to be non-severe. Moreover, while the prior ALJ—relying on a 2011 x-ray—found Plaintiff's back pain to be non-severe, a 2024 MRI of Plaintiff's lumbar spine demonstrated degenerative disc disease of the lumbar spine and a herniated disc. The ALJ did not consider the increase in the severity of this impairment. (*Id.*).

As Plaintiff adequately alleged changed circumstances, which Defendant does not challenge, the Court thus concludes the ALJ erred by giving res judicata effect to the 2015 decision.

**b. Whether the ALJ's error was harmless**

Next, the Court determines whether the ALJ's error applying res judicata and incorrectly presuming continuing non-disability, was harmless.

Plaintiff argues that any such error was not harmless because the ALJ did not consider all relevant medical evidence, which led to the formulation of an RFC that was not supported by substantial evidence (ECF No. 11 at 6).

Defendant argues that the ALJ's error was harmless because the ALJ conducted a "thorough review of the medical records and testimony to make an independent non-disability finding." (ECF No. 14 at 6).

The Ninth Circuit has found factual errors harmless where the Court was "able to conclude from the record that the ALJ would have reached the same result absent the error" and "also deemed legal errors harmless where it was clear they did not alter the ALJ's decision." *Molina v. Astrue*, 674 F.3d 1104, 11115 (9th Cir. 2012), *superseded by regulation on other grounds*; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that if an error is inconsequential to the determination that a claimant is not disabled, the error is harmless).

The Court agrees with Plaintiff. When formulating the present RFC, the ALJ did not rely

on all of the relevant medical evidence in the case record, including a 2024 MRI that arguably establishes that Plaintiff has a severe spinal impairment that was not considered by the ALJ. Specifically, Plaintiff's MRI scan indicated an increase in Plaintiff's back impairment and "severe degenerative disc disease":

> –L4-L5: Grade 1 retrolisthesis of L4 on L5 secondary to facet arthropathy bilaterally at L4, there is a 3 mm broad-based disc bulge with annular fissuring flattening the ventral thecal sac, mild canal narrowing, ventral abutment of the descending L5 nerve roots bilaterally with no displacement, no significant neural foraminal encroachment upon the exiting L4 nerve roots.
>
> –L5-S1: Severe degenerative disc disease with left paracentral broad-based 4 mm disc herniation with facet and mild ligamentum flavum hypertrophy bilaterally, moderate canal stenosis, ventral abutment of the left descending S1 nerve root with minimal abutment of the right descending S1 nerve root, moderate left and mild to moderate right neural foraminal narrowing with undersurface abutment of the left greater than right exiting L5 nerve roots.

(A.R. 2420). Notably, the ALJ failed to discuss the MRI at all in the RFC determination. Instead, the only mention of Plaintiff's back severity is through her subjective complaints. (A.R. 51).

Furthermore, the ALJ relied on medical opinions which did not consider the 2024 Lumbar MRI, nor treatment for pain management that gave an indication of Plaintiff's lower back complaints. (A.R. 52-55).

In short, the Court cannot find that the error was harmless. Accordingly, the Court remands the case for further proceedings.[4]

## II. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision. On remand, the ALJ should reevaluate the evidence without giving preclusive weight to the 2015 disability decision and fully consider any limitations that Plaintiff had due to all impairments.

\\\

\\\

[4] In light of this determination, the Court declines to address Plaintiff's additional argument that the ALJ improperly rejected McClaren's subjective complaints.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated: **September 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE